Cleven COX, Bennie TATE, Doyal KASINGER, O.W.
MOODY, Individually and as Members of a Class Too
Numerous to Mention *v.* COMMISSIONERS OF
MAYNARD FIRE IMPROVEMENT DISTRICT NO. 1,
Charles LEVELLE, Pres.

85-137                                    697 S.W.2d 104

Supreme Court of Arkansas
Opinion delivered October 14, 1985

*Wm. David Mullen,* for appellant.

*Murrey L. Grider,* for appellee.

ROBERT H. DUDLEY, Justice. The Quorum Court of Randolph County established by ordinance the Maynard Fire Improvement District No. 1. The ordinance was passed pursuant to a statute providing for the establishment of fire protection districts in rural areas. The appellant sought a declaratory judgment that the ordinance was void and an injunction against the collection of taxes by the district. The Chancellor upheld the ordinance, but held that taxes could not be collected until there is an assessment of benefits. We reverse and hold that the ordinance is void because it is contrary to state law in two material aspects.

The first paragraph of the state statute under which the district was created provides:

*Area and scope of fire protection services.*

Fire protection districts established under the provisions of this Act [§§ 20-923 — 20-943] shall cover only such territory within the county, or within the defined district, *outside the corporate limits of cities and towns.* Provided, however, that if any city or town within such district does not have an organized or volunteer fire department, and desires to be included within the fire protection district, upon the adoption of an ordinance therefor by the governing body of the city or town, addressed to the County Judge and Quorum Court, the area covered by the fire protection district may be extended to provide fire protection within the city limits of said city or town, by ordinance adopted by the Quorum Court. [Emphasis added.]

Ark. Stat. Ann. § 20-925 (Supp. 1985).

The statute clearly provides that a fire protection

district shall not include a city which already has a volunteer fire department. The City of Maynard is included in the fire improvement district even though it has a volunteer fire department.

The appellees contend that the existing volunteer fire department does not prevent the inclusion of the city within the district because the volunteer fire department is not financed or owned by the city. The answer to that argument need not be long. The quoted part of the statute excludes cities which have fire departments, regardless of whether they finance or own the department. The purpose of the statute is to prevent duplication of fire districts and to provide fire protection in rural areas where none exists. *See* Ark. Stat. Ann. § 20-925, second paragraph, and emergency clause to the act. The Chancellor erred in approving the formation of a district that includes a city which already has a volunteer fire department.

■■ In addition, the ordinance, as presently enacted, violates the state statute concerning the method of assessing benefits. No county is authorized to pass an ordinance contrary to the general law of the State. The applicable statute, Ark. Stat. Ann. § 20-932 (Supp. 1985), provides in pertinent part:

*Assessment of benefits to district property.*

As soon as is practical after its establishment, the Board shall prepare plans for providing fire protection services and for acquiring the property and equipment necessary to carry out the purposes of the district. They shall thereupon appoint three (3) assessors to assess the annual benefits which will accrue to the real property within the district from the providing of fire protection services and shall fix their compensation.

■ The county ordinance does not provide for an assessment of benefits and a corresponding tax. Instead, it provides a flat tax rate of $50.00 for each business, $25.00 for each house, and $12.50 for each mobile home, regardless of valuation. The ordinance is clearly contrary to state law and must be voided.

■ The Chancellor attempted to sustain the ordinance by ordering that assessments be made with the flat tax rates to serve as maximum tax rates. That order cannot stand. The ordinance is plainly contrary to state law, and a court cannot re-write an

ordinance so that it becomes acceptable. Such an order amounts to a judicial intrusion upon the legislative prerogative and violates the constitutional doctrine of separation of powers. *Wenderoth* v. *City of Fort Smith*, 251 Ark. 342, 472 S.W.2d 74 (1971); *City of Batesville* v. *Grace*, 259 Ark. 493, 534 S.W.2d 224 (1976).

Reversed.

PURTLE, J., not participating.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I agree with the result. Neither parties question whether the charge in this case is a fee or a tax. The difference is legally critical. I think we erred in *Vandiver* v. *Washington County*, 274 Ark. 561, 628 S.W.2d 1 (1982) in that regard.