CLARK COUNTY, ARKANSAS: Miles McCAULEY, County Judge; Justices of the Peace Bill MOORMAN, Don COLLINS, R.H. BATSON, Marvin D. SMITH, Floyd MANNING, Neal DODSON, Bill NEWTON, Billy KIRKSEY, Joe L. CLARK, Freddie O. HORNE, & James E. COX, Jr. *v.* O.C. MILLER & Sam HORTON

86-142                                         723 S.W.2d 820

Supreme Court of Arkansas
Opinion delivered February 16, 1987

*W.H. "Dub" Arnold*, for appellants.

*Janice Williams Wheeler*, for appellees.

JACK HOLT, JR., Chief Justice. Amendment 55 to the Arkansas Constitution and resulting legislation permits quorum courts, subject to voter approval, to reorganize county government. At issue in this case is the validity of an ordinance approved by the voters of Clark County which reorganized that county's government. The trial court held the ordinance was "not in keeping with the Acts of the State of Arkansas." We agree that it is illegal and affirm. It is from that finding that this appeal is brought.

Section 2(b) of amendment 55 provides:

> The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action.

Subsequent to the adoption of this amendment, the Arkansas General Assembly passed Act 742 of 1977, codified in part as Ark. Stat. Ann. §§ 17-3701—3715 (Repl. 1980) which states "that the present structure of county government does not meet the needs of every county" and that "county government can be made more responsive to the wishes of the people through selected structural changes and consolidation." § 17-3701. The stated purpose of Act 742 was to "establish the basic procedures for the adoption and implementation of alternative county government organization pursuant to Part (b), Section 2 of Amendment 55. . ." and to "provide the citizens of each county the opportunity to select the form of county government organization which best serves their needs and desires." § 17-3702.

In March of 1984 the Clark County Quorum Court adopted Ordinance 190 which provided for a revised county government organization by creating the offices of Tax and Revenue and Courts and Records. In doing so, the ordinance transferred certain duties and powers of the assessor, treasurer, and sheriff to the office of Tax and Revenue; and the powers and duties of the circuit and probate clerks to the office of Courts and Records. The offices of coroner and surveyor were unaffected by the ordinance and the county judge was given the authority to prepare payroll warrants.

The ordinance was presented by ballot to the voters of Clark County and was adopted by a majority vote in November of 1984. The validity and results of that election are not at issue here.

The appellees, Sam Horton and O.C. Miller, taxpayers in Clark County, challenged the validity of Ordinance 190. In finding it illegal, the chancellor held that the ordinance placed all the financial controls of the county with one official or department which is prohibited by Ark. Stat. Ann. § 17-3709(2)(j) (Repl. 1980), and altered the duties of the county judge in derogation of Ark. Stat. Ann. § 17-3704 (Repl. 1980), and that the illegal portions of the ordinance are not severable.

Although we look with favor on efforts to make county government more efficient, there are limitations on the power of a county to reorganize its government. Accordingly, no county is authorized to pass an ordinance reorganizing its government in a manner contrary to the general law of the state.

*Cox* v. *Comm'rs of Maynard Fire Improvement Dist. No. 1*, 287 Ark. 173, 697 S.W.2d 104 (1985). Furthermore, Ark. Stat. Ann. § 17-3709 specifically provides:

(2)(j) all duties prescribed by law for a Treasurer may be assigned to a County Department of Financial Management; provided, however, that any plan for alternative county organization adopted by the electors which includes the abolishment of the Treasurer as an elective office shall provide in that plan for the establishment of financial controls. Such plan of financial controls shall not vest sole financial administration in a single elected official or in a department which is administratively controlled by such elected official.

The chancellor found that Ordinance 190 vests sole financial administration in the newly created office of Tax and Revenue in violation of § 17-3709(2)(j). Article 4(a) of the ordinance provides that the Tax and Revenue Officer shall have all powers and duties "related to the assessment of real and personal property, collection and accounting of all ad valorem taxes and other county revenues and expenditures." In addition, section 4(a) provides that any other official duty not enumerated "but necessary to the assessment of real and personal property, collection and accounting of ad valorem taxes and other county revenues and expenditures shall be deemed to be transferred to the Tax and Revenue Officer."

The appellants, the county judge and justices of the peace of Clark County, argue that "sole financial administration" means all the subparts of administration including accounting, budgeting and auditing, and not just the collecting and accounting of revenues, so that all the sole financial administration is not vested in a single department. They cite no authority for this proposition, however, and we do not find their argument persuasive.

Under Clark County's previous form of government a system of checks and balances existed. Claims were prepared by the county clerk and sent to the county judge for approval. The judge signed the claim and ordered the clerk to issue a warrant. The clerk then prepared the warrant and it was taken to the county treasurer where a check was written. This system provided adequate safeguards, however, it was unwieldly in that it took

three officers to issue a check. We agree with the quorum court that consolidation of these offices was in order, but by combining these functions in only one office, Ordinance 190 totally destroys the integrity of a system which rightfully had checks and balances, and violates § 17-3709(2)(j). Since the ordinance violates the statute, it is illegal.

The ordinance also must fail because of the additional power it grants to the county judge to prepare payroll warrants. Arkansas Stat. Ann. § 17-3704 provides expressly that the offices of county judge, justice of the peace, and constable are excluded from the provisions of Act 742 and those offices may not be revised pursuant to amendment 55.

The county officials' final argument is that the illegal provisions of Ordinance 190 are severable and should merely be excised from the ordinance. The chancellor found that he could not give effect to the ordinance without the invalid provisions. The chancellor was correct since, without those provisions, no revenue could be collected and no expenses could be paid by Clark County. Likewise, if this court were to remove the warrant power granted to the county judge, we could not place it with a different office. Inasmuch as we have held that a court cannot rewrite an ordinance so that it becomes acceptable, *Cox, supra*, the chancellor had no recourse but to find the entire ordinance illegal.

Affirmed.