Phil T. Jacobs, Chairman Johnson County Board of Election Commissioners 515 W. Main Street Clarksville, AR 72830
Dear Mr. Jacobs:
This is in response to your request for an opinion as to the legality of separating the Collector/Sheriff's Office and combining the Collector's Office with the Assessor's Office. You state that this was referred to the people in the November 6 election. You have also asked whether the Quorum Court can rescind the measure by a 2/3 majority vote if it was not legal.
It is my opinion that Amendment 55 to the Arkansas Constitution, and resulting legislation, permits this reorganization. Section 2(b) of Amendment 55 states:
 The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action.
Subsequent to the adoption of Amendment 55, the General Assembly passed Act 742 of 1977, (codified in part as A.C.A. 14-14-601 to -614), which states that "[t]he present structure of county government does not meet the needs of every county in the state", and that "[c]ounty government can be made more responsive to the wishes of the people through selected structural changes and consolidation." A.C.A. 14-14-601(a). Subsection (b) of 14-14-601
states that the purpose of this subchapter is to "[e]stablish the basic procedures for the adoption and implementation of alternative county government organization pursuant to Arkansas Constitution, Amendment 55, 2, Part (b). . ." and to "[p]rovide the citizens of each county the opportunity to select the form of county government organization which best serves their needs and desires." A.C.A. 14-14-601(b)(1) (2).
The sheriff, collector of taxes, and assessor are included within the term "elective county office" for purposes of these legislative enactments. See generally Clark County v. Miller,291 Ark. 203, 723 S.W.2d 820 (1987), citing Cox v. Comm'rs of Maynard Fire Improvement Dist. No. 1, 287 Ark. 173, 697 S.W.2d 104 (1985). There is no constitutional prohibition in this regard; and indeed these offices are specifically included within the "elective county offices" which may be created, consolidated, separated, revised, or abandoned.
The case of Clark County v. Miller, supra, illustrates an instance where a conflict might arise, requiring the establishment of "financial controls". See A.C.A. 14-14-608(b)(10). However, that case involved a county reorganization plan which purported to transfer certain powers and duties of the assessor, treasurer, and sheriff to the office of the Tax and Revenue, placing all financial controls of the county with one official or department. The Arkansas Supreme Court agreed with the quorum court that consolidation of these offices was proper, but rejected as contrary to Ark. Stat. Ann. 17-3709(2)(j), (now codified as A.C.A. 14-14-608(b)(10)), the ordinance's combination in one office of, inter alia, functions related to the assessment of property, and the collection and accounting of all ad valorem taxes. Clark County, 291 Ark. at 206-207.
The consolidation of the offices of collector and assessor does not raise questions under 14-14-608(b)(10), since financial controls associated with the treasurer's office remain intact. Clark County is thus distinguishable on its facts. Nor, in the absence of case law authority, can we state that the offices of collector and assessor are generally incompatible to the extent that they cannot be consolidated. See also generally Attorney General Op. No. 88-359.
It is therefore my opinion, based upon the foregoing, that where the basic procedures adopted under A.C.A. 14-14-601 et seq. are followed, an ordinance may be adopted by the voters that would separate the collector/sheriff's office and combine the offices of collector and assessor.
With regard to the Quorum Court's authority to rescind the measure by a 2/3 majority vote, it is my opinion that although not required, as a general matter this action may be taken in accordance with A.C.A. 14-14-918.
The Quorum Court cannot, however, abandon the alternative county organization plan by referring a revised plan to the electors until four (4) years after the original plan's adoption. A.C.A. 14-14-612(a).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] This section requires the establishment of "financial controls" where any plan for alternative county organization includes the abolishment of the treasurer as an elective office. The plan of financial controls "shall not vest sole financial administration in a single elected official or in a department which is administratively controlled by the elected official."
[2] Section 14-14-918(b) states that "[n]o measure approved by a vote of the electors shall be amended or repealed by a quorum court except by affirmative vote of two-thirds (2/3) of the whole number of justices comprising a court."