The Honorable Gordon Webb Prosecuting Attorney P.O. Box 483 Harrison, AR 72601
Dear Mr. Webb:
This is in response to your request for an opinion regarding a quorum court's authority to add extra duties to an elected official. You have attached a Boone County ordinance that requires the County Treasurer, "[i]n addition to all other duties presently required by law," to attend all special quorum court meetings where deemed necessary by the court, and all regular meetings for the purpose of answering questions concerning the monthly financial statement. Your question is as follows:
 What is the basis of authority to add duties and what is the limit on that authority?
It is my opinion that Amendment 55 to the Arkansas Constitution and its enabling legislation (Act 742 of 1977) form the basis for a quorum court's authority in this regard. Amendment 55, § 1(a), states that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Section 69 of Act 742 of 1977, codified at A.C.A. § 14-14-801, states that the quorum court's local legislative authority includes the power to "[p]rovide for any service or performance of any function relating to county affairs," and to "[e]xercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. § 14-14-801(b)(10) (13). Seealso generally Walker v. Washington Co., 263 Ark. 317,564 S.W.2d 513 (1978).
Our research has not disclosed a state law or constitutional provision expressly prohibiting a quorum court from prescribing additional duties of elected county officials. This appears to be the test, in accordance with A.C.A. § 14-14-801(a) which states:
 As provided by Arkansas Constitution, Amendment 55, § 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county. [Emphasis added.]
See also generally Wilson v. Robinson, 668 F.2d 380, 383
(8th Cir. 1981).
A review of Act 742 of 1977, the enabling legislation to Amendment 55, indicates in fact that the legislature envisioned the assignment of duties by county ordinance. The provisions pertaining to the compensation of elected county officers state that the annual salary includes compensation "for all other services performed as provided by the Arkansas Constitution, by law, or by county ordinance." Acts 1977, No. 742, § 108, as amended, codified at A.C.A. § 14-14-1204. And clearly, under A.C.A. § 14-14-702(2), any duty assigned by state statute may be reassigned by county ordinance, further suggesting that additional duties may be assigned to a county elected official by the quorum court.
Thus, where the legislature states that the executive powers and duties of all county officials (other than the county judge comprising the executive division of the county government) ". . . shall be those established by the Arkansas Constitution and by law," (A.C.A. § 14-14-1103), it may reasonably be concluded that the legislature has not thereby precluded the addition of duties by local ordinance. There may be limitations on this local authority, as noted below. As a general matter, however, the quorum court's local legislative authority, and its power under Amendment 55, § 4, to "adopt ordinances necessary for the government of the county," may form the basis for adding duties to an elected county official.
With regard to the limit on this authority, our research indicates that a conclusive determination would require consideration of the particular office and additional assigned duties. See, e.g., Clark County v. Miller, 291 Ark. 203,723 S.W.2d 820 (1987) (recognizing statutory limitations on power to reorganize county government, with regard specifically to the placement of all financial controls of the county in one office or department; and noting that the offices of county judge, justice of the peace, and constable may not be revised pursuant to Amendment 55). Id. at 205-207. As a general matter, however, it is my opinion that the limit on this authority may be found in the restriction on the quorum court's power to alter the organization of elected county officials established by the Arkansas Constitution (except through the provisions of Amendment 55, § 2(b)),[1] as well as the prohibition against any local limitation on state laws that direct or require a county officer or employee to carry out any function or provide any service.[2] A.C.A. § 14-14-702(2) (3); see also
A.C.A. §§ 14-14-608(a) and 14-14-807(5). This latter limitation should not, in my opinion, be construed to preclude the assignment of additional functions by the quorum court. Rather, it prevents the county's elimination of any function or service established by state law. But see n. 2, supra.
It must also be recognized that a quorum court can only exercise "local legislative authority" (Amend. 55, § 1 (a)), and that although a quorum court may enact an ordinance regulating county employee policies and practices, the ordinances cannot apply to elected county officials. A.C.A. § 14-14-805(2). These provisions may also serve in some instances to limit the quorum court's authority, depending upon the nature of the particular duties assigned by ordinance.
A potential limitation based upon the separation of powers doctrine should, finally, also be noted. The quorum court, as part of the legislative branch of government, cannot exercise an overruling influence over a county executive department official, or otherwise encroach upon or significantly interfere with executive powers. See generally Chaffin v. Arkansas Game andFish Commission, 296 Ark. 431, 757 S.W.2d 950 (1988); Oates v.Rogers, 201 Ark. 335, 144 S.W.2d 437 (1940); State ex rel. v.Bennett, 219 Kan. 285, 547 P.2d 786 (1976). A separation of powers analysis would require consideration of the particular extra duties, with reference to the specific county executive office in question. A fact question may be presented as to whether the quorum court has acted, in effect, to usurp or unconstitutionally diminish executive perogatives in a given instance.
With regard to the particular ordinance attached to your request, the additional duties arguably fall within the Quorum Court's local legislative authority, and would not appear to limit any state law directing or requiring the Treasurer to carry out any function or service. The ordinance does not serve to alter the organization of any county elected official, (see A.C.A. §14-14-702(2)); nor, in my opinion, does it implicate or require a separation of powers review. It is therefore my opinion that the Quorum Court has not exceeded its authority in this instance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Section 2(b) of Amendment 55 authorizes the quorum court to "create, consolidate, separate, revise, or abandon any elective office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action."
[2] These limitations do not, however, prevent the quorum court from reassigning functions or services where the reassignment does not alter the county's obligation by statute to continue providing same. See A.C.A. § 14-14-702(3).