Mr. Raymond Tart, Chairman Garland County Election Commission 839 Third Street Hot Springs National Park, Arkansas 71913
Dear Mr. Tart:
This is in response to your request for an opinion on three questions relating to the use of electronic voting systems in an upcoming special election in Garland County. Specifically, you note that Garland County Ordinance No. 88-15 authorized the acquisition and use of an electronic voting system in the county. This ordinance was referred to the voters and approved at the November 1988 general election. Recently, a special election was called by the City Board of Directors and the mayor of Hot Springs and is scheduled for August 13, on the question of issuing bonds to finance a convention center. After the election was scheduled and notice of it was given, the Garland County Quorum Court enacted Ordinance No. 91-14, which repeals Ordinance No. 88-15 (authorizing electronic voting systems).
You have asked three questions regarding these facts, which are as follows:
 1. Considering the provisions of Act 843 of 1991, is the repealer effective since the voters previously approved the use of the electronic voting system but were not given an opportunity to vote on whether to abandon that system?
 2. Since the election was called and notice published prior to the repeal of Ordinance 88-15, does the repealer prohibit the use of an electronic voting system in the election to be held on August 13, 1991?
 3. Under the facts specified herein, can the Garland County Election Commission legally conduct the special election of August 13, 1991 by an electronic voting system?
For the reasons that follow, it is my opinion that if the repeal of Ordinance No. 88-15 would reestablish the use of "voting machines" in Garland County, the ordinance cannot be effectively repealed and the old system of "voting machines" reestablished without a vote of the people. Act 843 of 1991, which you reference, amends A.C.A. § 7-5-501 (e) to provide as follows:
 In municipalities or counties which acquired voting machines or electronic voting systems, or which voted to do so before April 6, 1979, nothing in this section and §§ 7-5-604 and 7-5-605 or present laws shall prohibit such municipalities or counties from using any method of voting authorized by law, whether singly or in combination with any other authorized voting method. However, no municipality or county shall implement the method of voting and vote counting which was in use prior to the election that authorized voting machines or electronic voting systems, without an election authorizing such a change. [Emphasis added.]
As can be seen from the emphasized language above, if a city or county proposes to return to the method of voting utilized prior to the election authorizing voting machines or electronic voting systems, a vote of the people is required. Thus, if the repeal of Ordinance No. 88-15 would effectively return the county to voting machines, which were used prior to Ordinance No. 88-15, a vote must be held on the question, or in my opinion the ordinance is contrary to the general laws of the state and therefore void.See generally, Cox v. Commissioners of Maynard FireImprovement District No. 1, 287 Ark. 173, 697 S.W.2d 104 (1985).
The answer to your first question is thus "no," the repealer is not effective unless there is a vote of the people. This conclusion is true, however, only if the county proposes to return to the method of voting utilized prior to the November 1988 referendum vote of the people.
An answer to your second question becomes unnecessary in light of the response to question one above. If the repeal is not effective without a vote of the people, the fact that it occurred after the calling and giving of notice of the special election is of no significance.
In response to your third question, it is my opinion that although it may invite a lawsuit by doing so, the Garland County Election Commission may legally conduct the special election of August 13, 1991 with the use of an electronic voting system, assuming that the repealing ordinance would have the effect of returning the county to the former voting method. This conclusion stems from the fact that the repealing ordinance would in that instance be void as contrary to the general laws of the state.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb