The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an opinion concerning the authority of a quorum court to authorize the county assessor and county collector to remove from the tax roll the assessments of certain areas within a fire protection district.[1] Your question restated is as follows:
 May a county ordinance give the county assessor and county collector authority to remove from the tax roll the current year assessments of an area of a fire protection district that was annexed into an incorporated city after establishment of the district?
It is my opinion that the answer to this question is "no," as detailed below.[2]
Chapter 284 of Title 14 covers Fire Protection Districts. Subchapter 2 covers districts outside of cities and towns, like the Beaverfork District. Sections 14-284-212 to -216 deal with assessments. Under the law, the power to make assessments of benefits against property in a district lies with the board of commissioners of a district. This office has made a similar point with respect to the ability of a quorum court to rescind a fee or assessment or dissolve a district by ordinance. See Op. Att'y Gen. 93-293 (copy enclosed).
Section 14-284-215 is especially pertinent. It provides, in relevant part, that:
 (a) The original assessment record or any reassessment record shall be filed with the county clerk, whose duty it shall be to extend the annual benefit assessment annually upon the tax books of the county until the district is dissolved.
 (b) It is the duty of the collector each year to collect the annual benefit assessment so extended, along with the other taxes.
* * *
 (c)(1) If there is any change in the annual benefits assessed, a certified copy of the revised assessment shall be filed with the county clerk who shall extend the revised assessment annually upon the tax books until a new assessment is made, which shall be extended upon the tax books in like manner. The power to reassess and extend the assessment upon the tax books shall be a continuing power as long as the district continues to exist. It shall be the duty of the county collector to collect the taxes so extended. [Emphasis added.]
It is fundamental that a county may not pass an ordinance contrary to state law. See Cox v. Commissioners of MaynardFire Improvement Dist. No. 1, 287 Ark. 173, 175, 697 S.W.2d 104,106 (1985). On this point I note that, while the assessors can reassess the benefits provided to properties in the district (and presumably lower them to zero under § 14-284-214(b)(1)), I find no authority for the quorum court to direct the removal from the tax rolls of certain areas within a duly established district. My research has yielded no such authority, notwithstanding the annexation of certain areas by a city.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
Enclosures
[1] In particular, your correspondence concerns the validity of Faulkner County Quorum Court Ordinance No. 94-10 concerning certain areas of the Beaverfork Fire Protection District that were annexed by the City of Conway. This office does not interpret the language of local ordinances, as that responsibility rests with local counsel.
[2] I have recently issued an opinion on a different point, but involving a similar question of quorum court ordinance authority, in Opinion No. 94-246, also dealing with Faulkner County and the Beaverfork Fire Protection District. A copy of that opinion is enclosed for your convenience.