The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857
Dear Senator Ross:
This letter is a response to your request for an opinion regarding the funding of a fire protection district. You have presented the following specific questions:
 (1) May a fire protection district formed pursuant to A.C.A. § 14-284-201 et seq.[1] choose to fund its operations by imposing a flat rate fee (such as $4.50 per month) per household in the district?
 (2) If so, may the fire protection district collect the fee through the municipal water system which serves the majority of the qualified electors in the district by placing the fee on the monthly water bills of those qualified electors?
In response to your first question, it is my opinion that if the fire protection district in question was formed after July 3, 1989, its board of commissioners may choose to fund the district's operations by imposing a flat rate fee per parcel of land located in the district. Moreover, it may impose a different fee for residential and commercial parcels.
Prior to 1989, fire protection districts formed pursuant to A.C.A. §14-284-201 et seq. were required to obtain the funding for their operations by assessing benefits to the property located in the district, and collecting the amount of the assessed benefit in the same manner as a tax, along with bona fide taxes. See A.C.A. § 14-284-215. The assessment was payable at the same time that ad valorem taxes were payable. See
A.C.A. § 14-284-216. When a fire protection district did attempt to impose a flat rate fee, the Arkansas Supreme Court struck it down on the grounds that it was contrary to state law. See Cox v. Commissioners ofMaynard Fire Imp. Dist. No. 1, 287 Ark. 173, 697 S.W.2d 104 (1985).
Subsequent to the Cox decision (in 1989), the legislature amended A.C.A. § 14-284-212 so as to provide authority for imposing the type of flat rate fee that had been stricken down in Cox. The amending language states:
 (g) The boards of commissioners of fire protection districts formed after July 3, 1989, under this subchapter may, as an alternative to assessing benefits, assess a flat fee per parcel of land located within the district. Furthermore, the boards may establish a different fee for commercial property than for residential property.
A.C.A. § 14-284-212(g).
As you will note, the language of this amendment to the statute applies only to fire protection districts formed after July 3, 1989. Districts formed prior to that date, therefore, will continue to be governed by the law as it existed before the 1989 amendment, including the Cox decision. That is, districts formed prior to July 3, 1989 must continue to assess benefits to the property located in the districts and collect the amount of the assessed benefit in the same manner as a tax, along with bona fide taxes. The assessment will be payable at the same time that ad valorem
taxes are payable.
I therefore conclude that if the fire protection district in question was formed after July 3, 1989, its board may choose to fund the district's operations by imposing a flat rate fee.
In response to your second question, it is my opinion that a fire protection district which has chosen to impose a flat rate fee may not collect that fee through the municipal water system by placing it on the electors' monthly water bills.
The means of collecting the district's funding is governed by A.C.A. §§14-284-215 216. Those sections require that the amounts due be levied and collected annually. They were not amended when the flat rate fee was authorized, and therefore remain in full force and effect, and continue to govern collection and payment. Any attempt by a fire protection district to levy and collect in a manner other than provided by state law would be voidable as contrary to state law. Counties are not authorized to pass ordinances that are contrary to the general law of the state.See Cox, supra.
I therefore conclude that if the fire protection district in question is eligible to, and does, impose a flat rate fee, it may not collect that fee through the monthly water bills of the district's residents.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] Your letter actually stated that the district was formed pursuant to A.C.A. § 14-184-201 et seq. However, Mr. Ronnie Bell, City Attorney of Magnolia, informed me by telephone that the district was, in fact, formed pursuant to A.C.A. § 14-284-201 et seq.