The Honorable Mike Beebe State Senator 211 West Arch Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request, on behalf of White County Assessor Bettye S. Ramsey, for an opinion on whether the White County Quorum Court has the authority "to appoint the White County Assessor the burden of maintaining the Flood Insurance Program without her knowledge or consent." Enclosed with your request are draft copies of one resolution and one ordinance. The purpose of the resolution is stated as "supporting the participation of White County in the National Flood Insurance Program and appointing the White County Assessor as Floodplain Administrator." The resolution imposes certain duties on the County Assessor in the administration of the program, which are prerequisites to the eligibility of persons in the county to participate in the "National Flood Insurance Program." See 42 U.S.C. § 4011 et seq. (specifically § 4022), and 44 C.F.R. § 59-22. Communities seeking to qualify for flood insurance must "appoint or designate the agency or official with the responsibility, authority, and means to implement the commitments [required by federal regulations].[1] 44 C.F.R. 59.22. The White County Quorum Court resolution proposes[2] to appoint the White County Assessor in this regard.[3]
Although federal law requires the appointment of some official to undertake the duties in question, federal law does not govern the question you have posed. Your question, rather, is one of state law, and involves to what extent a county quorum court may impose additional duties upon a county elected official, particularly, the White County Assessor.
A county assessor is, of course, a county "constitutional officer." The office is created at Arkansas Constitution art. 7, § 46, which provides in pertinent part as follows:
 The qualified electors of each county shall elect one sheriff, who shall be ex-officio collector of taxes, unless otherwise provided by law; one assessor, one coroner, one treasurer, who shall be ex-officio treasurer of the common school fund of the county, and one county surveyor, for the term of two years, with such duties as are now or may be prescribed by law. [Emphasis added.]
Amendment 55 of the Arkansas Constitution, which reorganized county governments, does not address the duties of county assessors. Its enabling legislation, however, Act 742 of 1977, does. It states briefly that "[t]he assessor shall perform such duties as are prescribed by law." A.C.A. § 14-14-1301(a)(4). See also A.C.A. § 14-14-1103 (stating that executive powers and duties of all county officials other than the county judge . . . shall be those established by the Arkansas Constitution and by law." An initial question may arise as to whether the phrase "by law," includes both statutes and county ordinances. I have previously opined that it may reasonably be concluded that this language includes duties imposed by county ordinance. See Op. Att'y Gen. 91-050. I have enclosed a copy of this opinion for your review. Essentially, however, my conclusion is based upon the relevant language in Amendment 55 and Act 742 giving counties broad powers over local legislative affairs. See Amendment 55, § 1(a) and A.C.A. § 14-14-801(a). I also rely to some degree upon the case of Walker v. Washington County, 263 Ark. 317, 564 S.W.2d 513
(1978), in which it was held, as against a separation of powers challenge, that a quorum court had authority to impose minimum hours of operation for county elective offices. I thus concluded that a county quorum court may, in some circumstances, impose additional duties on county elected officials. This power is not unlimited, however. A quorum court may not alter the duties of an elected county official to such a degree as to effectively "consolidate, separate, revise, or abandon any elective office . . ." without a vote of the people. See Arkansas Constitution, Amendment 55 § 2 and Gravette v. Villines, 314 Ark. 320,862 S.W.2d 260 (1993) (quorum court may not assign supervision of the county jail to a private administrator without a vote of the people). A quorum court may not assign or reassign the duties of a county elected official in a way violative of a state statute. See, e.g., Clark Countyv. Miller, 291 Ark. 203, 723 S.W.2d 820 (1987) (county ordinance which placed all financial control in new department violated state statute and was illegal). Additionally, the separation of powers doctrine for county government must be considered. A.C.A. § 14-14-502(b). As stated in Op. Att'y Gen. 91-050, the quorum court, as part of the legislative branch of government, cannot exercise an overruling influence over a county executive department official, or otherwise encroach upon or significantly interfere with executive powers.
With regard to the resolution in question, the additional duties imposed arguably fall within the Quorum Court's local legislative authority, and do not appear to be violative of any state law. The resolution does not appear to alter the organization of the office of any county elected official, nor, in my opinion, does it implicate or require a separation of powers review.[4] It is therefore my opinion that in all likelihood the Quorum Court has not exceeded its authority in this instance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that no new contract for flood insurance shall be entered into under the program after September 30, 1997.
[2] You have enclosed only draft copies of the resolution and ordinance in question. I cannot determine from the information supplied whether these documents have actually been enacted.
[3] The ordinance attached with your request adopts a "flood damage prevention code" by reference and proposes criminal penalties for its violation.
[4] These questions, however, may ultimately be ones of fact.