The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This official Attorney General opinion is rendered in response to certain questions you have raised concerning term limits for county judges and for justices of the peace. You make reference to Attorney General Opinion No. 95-293, in which I opined that quorum courts have the authority to create term limits for elective county offices.
Your questions are as follows:
 (1) Do the provisions of A.C.A. § 14-14-601 et seq. — and particularly A.C.A. § 14-14-604 — change Opinion No. 95-293, issued by your office, with regard to term limits for county judges and for justices of the peace?
 (2) Do any of the other code sections in that statutory scheme apply to term limits for the county judge or for the justices of the peace?
RESPONSE
Question 1 — Do the provisions of A.C.A. § 14-14-601 et seq. — andparticularly A.C.A. § 14-14-604 — change Opinion No. 95-293, issued byyour office, with regard to term limits for county judges and forjustices of the peace?
It is my opinion that the provisions of A.C.A. § 14-14-601 et seq. — including A.C.A. § 14-14-604 — do not change Opinion No. 95-293, issued by my office, with regard to term limits for county judges and for justices of the peace.
The conclusion in Opinion No. 95-293 was based primarily upon the following section of Amendment 55 of the Arkansas Constitution:
 A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law.
Ark. Const., amend. 55, § 1(a).
I opined in No. 95-293 that no provision of law denies counties the right to create term limits for elected county officials, and that therefore, counties may create term limits.
You raise the question of whether the provisions of A.C.A. § 14-14-601 — and particularly § 604 — constitute a denial of the right to create term limits. It is my opinion that these provisions do not constitute such a denial of authority.
The statutes about which you have inquired (i.e., A.C.A. § 14-14-601 etseq.) were originally enacted as Chapter 2, Part F of Act 742 of 1977. This portion of Act 742 deals exclusively with the creation of alternative forms and structures of county government. It is my opinion that the creation of term limits for county judges and justices of the peace does not fall within the ambit of these provisions. Term limits for these offices can be created without altering the form or structure of county government.
The fact that Chapter 2, Part F of the Act was focused exclusively upon alternative county governments, rather than upon issues such as term limits, is apparent both from the subtitle of Chapter 2, Part F, and from the language of that section of the Act. The subtitle is: "Procedures for Establishing Alternative County Government Organizations." The chapter begins by stating:
FINDINGS AND DETERMINATIONS.
 It is determined by the General Assembly that the present structure of county government does not meet the needs of every county in the state; that county government can be made more responsive to the wishes of the people through selected structural changes and consolidation; and that greater economy, efficiency, and effectiveness in providing governmental services can be achieved through modernization of county government.
 DECLARATION OF PURPOSE.
 It is therefore the purpose of this subchapter to: (1) establish the basic procedures for the adoption and implementation of alternative county government organization pursuant to Part (b), Section 2, of Amendment No. 55 to the Constitution which provides, to wit: "The quorum court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action;" and (2) Provide the citizens of each county the opportunity to select the form of county government organization which best serves their needs and desires.
Acts 1977, No. 742, Chapter 2, Part F, §§ 54 and 55 [A.C.A. § 14-14-601].
Because Chapter 2, Part F of Act 742 of 1977 was directed solely at the creation of alternative forms and structures of county government, it is my opinion that the provisions in that section concerning the revision of elective county offices have applicability only in the context of the creation of an alternative form or structure of county government. This conclusion is apparent from both the title and the language of the sections of Chapter 2, Part F of the Act that discuss the offices affected by that portion of the Act.
For example, Chapter 2, Part F, § 56 of the Act is entitled "Offices Applicable to the Provisions of this Act," and it begins with the following limiting language: "Within the purposes of this Act, the term "elective county office" shall mean. . . ." (The section then goes on to set forth the affected offices, and does not list the county judge or the justices of the peace.) Similarly, Chapter 2, Part F, § 57 of the Act is entitled: "Offices Excluded Form (sic) the Provisions of this Act." It also begins with the limiting language: "Offices expressly excluded fromthe provisions of this Act are. . . ." (The section then goes on to exclude the county judge, the justices of the peace, and the constable.)
The limiting language of the sections of Chapter 2 dealing with elected county offices clearly indicates that the provisions of those sections are applicable only for purposes of the Act. Because the purpose of the Act with regard to the revision of county offices is expressly limited to matters concerning the creation of alternative forms and structures of county government, I must conclude that the exclusion of the offices of county judge and justice of the peace from the grant of authority to revise county offices is applicable only in the context of the creation of an alternative form or structure of county government. That is, A.C.A. § 14-14-604 [Section 56 of the Act] prohibits the revision of the offices of county judge, justice of the peace, and constable in a manner that would alter the structure of county government. For an example of such a prohibited revision, see Clark County v. Miller, 291 Ark. 203,723 S.W.2d 820 (1987) (reassignment of county officials' duties so as to place sole financial control in one office undermines the structure of county government). The creation of term limits does not have the effect of altering the structure of county government. It is for this reason that I conclude that the creation of term limits does not fall within the ambit of Chapter 2, Part F of Act 742 of 1977, and that the prohibition of that section against revising the offices of county judge and justice of the peace does not have the effect of prohibiting the creation of term limits for those offices.
Accordingly, I continue to hold the opinion that no provision of law denies counties the right to create term limits for elected county offices, and that therefore, under Amendment 55, § 1(a), counties can create term limits for those offices, including the offices of county judge and justice of the peace.
Question 2 — Do any of the other code sections in that statutory schemeapply to term limits for the county judge or for the justices of thepeace?
It is my opinion that none of the other code sections in that statutory scheme (i.e., A.C.A. § 14-14-601 et seq.) apply to term limits for the county judge or for the justices of the peace.
As discussed in response to Question 1, the provisions of A.C.A. §14-14-601 et seq. deal exclusively with the creation of alternative forms and structures of county government. As indicated, it is my opinion that this limited scope of these provisions does not include the creation of term limits. Term limits can be created without altering the form or structure of county government.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh