CRAGAR v. THOMPSON.

4-8280                                          205 S. W. 2d 180

Opinion delivered November 3, 1947.

Rehearing denied November 24, 1947.

*G. B. Colvin,* for appellant.

*Charles L. Farish,* for appellee.

SMITH, J. Appellee Thompson brought suit in re-plevin to recover possession of certain hogs which ap-pellant Cragar had impounded under the supposed authority of Act 157 of the 1919 session of the General Assembly, which was a local fence act applicable only to Perry county. This act of 1919 was amended in material respects by Act 493 of the 1923 session of the General Assembly. Both of these acts were passed prior to the adoption of the amendment to the constitution known as the Local Bill Amendment, reading as follows: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts."

Subsequent to the adoption of this amendment the 1927 session of the General Assembly passed an act, No. 125, which repealed the 1923 act above referred to. This the General Assembly had the authority to do, but it also undertook to reenact § 1 of the 1919 act which it did not have the authority to do, inasmuch as the effect of that action was to reenact provisions of Act 157 which had been materially altered by the Act of 1923.

Section 13282, Pope's Digest, reads as follows: "When a statute shall be repealed and the repealing statute shall thereafter be repealed, the first statute shall not thereby be revived unless by express words." Now it may be conceded that the act of 1927 manifested the express purpose of reenacting § 1 of the Acts of 1919, and this it could have done by a repealing act which in express words showed that intent, if the legislation in question was not of a local or special character. But this statute does not authorize the amendment of a local act in any manner whatever, or the reenactment of local legislation and could not do so because the constitutional amendment forbids.

The case of *Simpson* v. *Teftler,* 176 Ark. 1093, 5 S. W. 2d 350, involved certain local fence laws. After quoting the Local Bill Amendment, Justice MEHAFFY

there said: "The Legislature, under this amendment, could not pass a special act. And if a special act had been passed before the adoption of this amendment, but had not gone into effect, the Act of 1927, undertaking to cure a defect, would, in effect, be passing a local act. . . . It (the General Assembly) could not do indirectly what the Constitution prohibits it from doing directly." The same learned justice also said in the case of *Johnson* v. *Simpson,* 185 Ark. 1074, 51 S. W. 2d 233, that since the adoption of the Local Bill Amendment, the Legislature cannot amend, though it may repeal a local act previously passed.

Here the provisions of § 1 of the 1919 Act had ceased to be the law upon the passage of the 1923 act, and it was sought to reenact these provisions by the passage of the Act of 1927. This the amendment forbids.

Appellant filed an answer in the replevin suit asserting the authority to impound hogs under the provisions of the 1919 Act. A demurrer to this answer was sustained thus raising the question whether § 1 of the 1919 Act was effective as existing law. We think the court was correct in holding that it is not, and the demurrer was therefore properly sustained and the judgment from which is this appeal is affirmed.