Carroll GRAVETT, Pulaski County Sheriff, et al. *v.* F. G. "Buddy" VILLINES, Pulaski County Judge

93-688                                                    862 S.W.2d 260

Supreme Court of Arkansas
Opinion delivered October 4, 1993

*Stanley, Harrington & Mars*, by: *Thomas A. Mars*, for appellants.

*Larry D. Vaught*, Pulaski County Attorney, for appellees.

DONALD L. CORBIN, Justice. The Pulaski County Quorum Court (Quorum Court) enacted two ordinances, Ordinance No. 93-OR-07 and Ordinance No. 93-OR-08. Ordinance No. 93-OR-07 transferred the responsibility for the operation and maintenance of the Pulaski County Jail from the sheriff, Carroll Gravett, to a civilian administrator who would operate the jail under the authority of the county judge. Ordinance No. 93-OR-08 transferred the budget for the detention department from the sheriff to the county judge. Sheriff Gravett and the Arkansas Sheriffs' Association filed suit in Pulaski County Chancery Court alleging that, among other things, the enacted ordinances violated the Arkansas Constitution. The trial judge determined the enacted ordinances were constitutional. Appellants, Sheriff Gravett and the Arkansas Sheriffs' Association, appeal the trial court's determination.

Appellants contend both ordinances cause a "revision" and "separation" of the office of sheriff and were enacted without voter approval at a general election in violation of Ark. Const.

amend. 55, § 2(b). Ark. Const. amend. 55, § 2(b) provides:

The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action.

Appellees contend they have authority to transfer the operation of the county jail from the sheriff to the county judge by ordinance and without a vote at a general election pursuant to Ark. Code Ann. § 14-14-701 (1987) and Ark. Code Ann. § 14-14-702 (1987). Sections 14-14-701 and 14-14-702 were enacted subsequent to the adoption of Amendment 55 in order to implement the powers granted to the counties by Amendment 55.

We first address Ordinance No. 93-OR-07 which provides:

*BE IT ENACTED BY THE QUORUM COURT OF PULASKI COUNTY, STATE OF ARKANSAS; AN ORDINANCE TO BE ENTITLED:*

AN ORDINANCE TO TRANSFER THE AUTHORITY OVER, AND OPERATION OF, THE PULASKI COUNTY DETENTION FACILITY FROM THE PULASKI COUNTY SHERIFF TO THE PULASKI COUNTY JUDGE, TO CREATE THE PULASKI COUNTY DETENTION DEPARTMENT, TO DECLARE AN EMERGENCY, AND FOR OTHER PURPOSES.

WHEREAS, Amendment 55 to the Arkansas Constitution, and Act 742 of 1977 (Ark. Code Ann. §§ 14-14-401, et seq.) authorize the Quorum Court to oversee the organization of County government and to provide necessary County services to the citizens of the County; and,

WHEREAS, Ark. Code Ann. §§ 14-14-701 and 702 allow a Quorum Court, by ordinance, to transfer statutory duties from one County department to another so long as an elective office is not created, abolished or consolidated; and,

WHEREAS, the Sheriff of Pulaski County has authority over the Pulaski County Detention Facility pursu-

ant to legislative authority found in Ark. Code Ann. § 12-41-502; and,

WHEREAS, the Quorum Court has determined that detention services on a regional basis can be more efficiently and economically delivered through a civilian Detention Department managed by a professional administrator under the authority of the County Judge.

NOW, THEREFORE, BE IT ORDAINED BY THE QUORUM COURT OF PULASKI COUNTY, ARKANSAS:

ARTICLE ONE. The authority over, and operation of, the Pulaski County Detention Facility is hereby transferred from the Pulaski County Sheriff to the Pulaski County Judge.

ARTICLE TWO. There is hereby created a civilian Department of Detention for Pulaski County under the authority of the Pulaski County Judge.

ARTICLE THREE. *SEVERABILITY.* The provisions of this Ordinance are severable. If any provision of this Ordinance shall be held to be invalid, such holding or invalidity shall not affect the validity of any other provision of this Ordinance.

ARTICLE FOUR. *REPEALER.* All laws and parts of laws in conflict with this Ordinance are hereby repealed.

ARTICLE FIVE. *EMERGENCY.* It is hereby found and determined that the Pulaski County Detention Facility should be transferred to the authority of the County Judge in order to facilitate the transition to an 800 bed regional direct supervision unit. In order to hire and train adequate personnel by the projected opening date, this process must begin immediately. Therefore, an emergency is declared and in order to insure the health, safety and welfare of the citizens of Pulaski County, this Ordinance shall be in full force and effect from and after the date of passage and approval by the County Judge.

Section 14-14-701 provides:

(a) It is determined by the General Assembly that:

(1) The present service organization of county government does not meet the needs of every county in this state; and

(2) County governments can be made more responsive to the service needs of the people through the reorganization of county government into departments, boards, and subordinate service districts which are consistent in their organization and assignment of duties, responsibilities, and authorities.

(b) It is therefore the purpose of this subchapter to:

(1) Establish the basic procedures for the establishment of service organizations in county government; and

(2) Establish the authorities and limitations of these service organizations.

Section 14-14-702 provides in pertinent part:

The county quorum court of each county may prescribe, by ordinance, the department, board structure, and organization of their respective county governments and may prescribe the functions of all offices, departments, and boards. However, no ordinance shall be enacted by a quorum court which:

. . . .

(2) Alters the organization of elected county officials established by the Arkansas Constitution, except through the provisions of Arkansas Constitution, Amendment 55, § 2, Part (b). *However, any function or duty assigned by statute may be reassigned by ordinance;* or

(3) Limits any provision of state law directing or requiring a county government or any officer or employee of a county government to carry out any function or provide any service. However, nothing in this section shall be construed to prevent the reassignment of functions or services assigned by statute where Arkansas reassignment does not alter the obligation of the county to continue providing such function or service.

(emphasis added).

▪ Notwithstanding the power of Quorum Courts under Ark. Const. amend. 55, § 2(b) and section 14-14-702(2), we have held that no county is authorized to pass an ordinance reorganizing its government in a manner contrary to the general law of the state. *Clark County* v. *Miller*, 291 Ark. 203, 723 S.W.2d 820 (1987) (decision relying on Ark. Code Ann. § 14-14-608(b)(10) (1987)); *see also Cox* v. *Commissioners of Maynard Fire Improvement Dist. No. 1*, 287 Ark. 173, 697 S.W.2d 104 (1985). The general law of the state provides "[t]he sheriff of each county in this state shall have the custody, rule, and charge of the jail within his county and all prisoners committed in his county, and he may appoint a jailer for whose conduct he shall be responsible." Ark. Code Ann. § 12-41-502 (1987). Additionally, under Ark. Code Ann. § 14-14-703(2)(E) (1987) the office of sheriff is required to be maintained.

However, section 14-14-608 provides in pertinent part:

A county government serving as a political subdivision of the state for the more convenient administration of justice is compelled by law to provide certain services relating to judicial administration, law enforcement, and other matters. *No county ordinance adopted by the electors for the establishment of alternative county organizations shall serve to repeal or diminish any general law of the state directing or requiring a county government or any officer or employee of a county government to carry out any function or provide any service. However, nothing in this section shall be construed to limit or prevent counties from adopting alternative county organizations nor the reassignment of statutorily delegated functions or services where such alternative organization or reassignment shall not alter the obligation of the county to continue providing the services or functions which are or may be established by state law.*

(emphasis added). Additionally, Ark. Code Ann. § 12-50-101 *et. seq.* (Supp. 1991) specifically provide that counties can establish private prison facilities.

▪ Thus, while the general law of the state requires the

office of sheriff to be maintained and includes as a duty of the office of sheriff the running of the county jail, section 14-14-608 allows a county to reassign statutorily imposed duties so long as the reassignment does not "alter the obligation of the county to continue providing the services." The chancellor determined that the running of the county jail was a "function or duty" of the sheriff which could be reassigned by ordinance without approval by a majority of those voting on the question at a general election pursuant to Ark. Code Ann. § 14-14-702(2). While we agree that the running of the county jail is a function of the office of sheriff, we disagree that this function can be reassigned by ordinance without a vote by the electorate at a general election.

It is a well established legal principle that constitutional provisions, including amendments, take precedence over any law passed by the legislature. In this instance, Ark. Const. amend. 55, § 2(b) provides the Quorum Court can "create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof" but it requires a "majority of those voting on the question at a general election" to approve the action. Ark. Const. amend. 55, § 2(b). The terms create, consolidate, separate, revise and abandon are not defined in the constitution. Where terms in the constitution are not specifically defined, we give them their commonly accepted meaning. *Brown* v. *City of Stuttgart*, 312 Ark. 97, 847 S.W.2d 710 (1993). The word revise generally means "[t]o look or read carefully over, with a view to improving or correcting." Oxford English Dictionary 610 (1971). Separate means "to put apart, set asunder (two or more persons or things, or on *from* another); to disunite, disconnect, make a division between." (Emphasis in the original.) Oxford English Dictionary 474 (1971).

As the chancellor recognized, the function of running the county jail constitutes a substantial responsibility of the office of sheriff. Notwithstanding the provisions of sections 14-14-702 and 12-50-101 *et. seq.*, which appear to give the Quorum Court authority to enact ordinances such as the one at issue, removal of this function constitutes a revision and separation of the office of sheriff under Ark. Const. amend. 55, § 2(b). As such, the removal of the running of the county jail from the office of sheriff can only be accomplished by a majority vote at a general election and then only at the conclusion of the term of office. Ark. Const.

amend. 55, § 2(b). Therefore, Ordinance No. 93-OR-07 is declared unconstitutional because it was not passed in accordance with the requirements of Ark. Const. amend. 55, § 2(b).

We next address Ordinance No. 93-OR-08 which provides:

> *BE IT ENACTED BY THE QUORUM COURT OF PULASKI COUNTY, STATE OF ARKANSAS; AN ORDINANCE TO BE ENTITLED:*
>
> AN ORDINANCE AMENDING ORDINANCE NO. 92-OR-123, THE 1993 BUDGET OF PULASKI COUNTY, ARKANSAS, TO TRANSFER DEPARTMENTS 2400 AND 2410 TO THE COUNTY JUDGE.
>
> ARTICLE ONE. Article 28 of Ordinance No. 93-OR-123, as amended, is hereby amended to provide:
>
> DEPARTMENT 2400
> DEPARTMENT: COUNTY JUDGE - DEPT. OF DETENTION
> DEPARTMENT 2410
> DEPARTMENT: COUNTY JUDGE - DETENTION TRANSITION
>
> ARTICLE TWO. *SEVERABILITY.* The provisions of this Ordinance are severable. If any provision of this Ordinance shall be held to be invalid, such holding or invalidity shall not affect the validity of any other provision of this Ordinance.
>
> ARTICLE THREE. *REPEALER.* All laws and parts of laws in conflict with this Ordinance are hereby repealed.

Ordinance No. 93-OR-08 was passed to fund Ordinance No. 93-OR-07. It transfers the funding for the running of the county jail from the sheriff to the county judge. Since a legislative body cannot do indirectly that which the constitution prohibits it from doing directly, Ordinance No. 93-OR-08 must fail. *Cragar* v. *Thompson*, 212 Ark. 178, 205 S.W.2d 180 (1947).

The case is reversed.

HAYS, J., dissents.

HOLT, C.J., not participating.

STEELE HAYS, Justice, dissenting. I disagree with the majority that Ordinance No. 93-OR-07 is unconstitutional because it was not passed in accordance with the requirements of Amendment 55, § 2(b) of the Constitution of Arkansas.

While it is clear that constitutional amendments take precedence over laws enacted by the legislature, nevertheless, the strongest presumptions of constitutionality attach to an ordinance. *City of Hot Springs* v. *Carter*, 310 Ark. 405, 836 S.W.2d 863 (1992); *Board of Adjustment of Fayetteville* v. *Osage Oil and Transportation, Inc.*, 258 Ark. 91, 522 S.W.2d 836 (1975). If at all possible we are obliged to construe the ordinance as constitutional.

The purpose of Amendment 55 is to render county government more efficient and responsive by granting broad legislative powers to quorum courts. Indeed, section 1(a) of Amendment 55 provides that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Furthermore, the Arkansas General Assembly recognized the broad powers which Amendment 55 intended to extend to quorum courts when it enacted the County Government Code in 1977. [Codified as Ark. Code Ann. §§ 14-14-101 — 14-14-1313 (1987 and Supp. 1991)]. The County Government Code specifically addresses the procedures for implementing changes in county government.

Ark. Code Ann. § 14-14-702 and other sections of the County Government Code distinguish between an "elective county office" and the functions or duties assigned to the office. *See generally* Ark. Code Ann. § 14-14-601, *et. seq.* and § 14-14-701, *et. seq.* (1987). Specifically, Ark. Code Ann. § 14-14-702 grants the quorum court the authority to reassign any function or duty assigned by statute. We must presume the statute is constitutional; therefore, it is clear the legislature has also interpreted Amendment 55 to distinguish between a reassignment of duties and a revision of an elective county office. Although legislative interpretations of constitutional provisions are never binding on the courts, if there is any doubt or ambiguity, they are persuasive and worthy of consideration. *Mears, Co. Judge* v. *Hall*, 263 Ark. 827, 569 S.W.2d 91 (1978), *rehearing*

*denied*, September 11, 1978.

Accordingly, I cannot agree that Ordinance No. 93-OR-07 clearly conflicts with § 2(b) of Amendment 55. The "function of running the county jail" may constitute a substantial responsibility of the office of sheriff, but it does not define that office. Therefore, removal of this single duty does not constitute a revision or separation of an elective county office as contemplated by Amendment 55, § 2(b).

For the foregoing reasons, I believe the chancellor was entirely correct in his holding and I would affirm the order appealed from.