The Honorable Pat Pappas State Representative 2901 Willow Pine Bluff, AR 71603
Dear Representative Pappas:
This is in response to your request for an Attorney General's opinion on the following two questions:
 1. May a private corporation construct and operate an adult or juvenile detention center for the benefit of municipal and county governments?
 2. What state statutes and regulations would control the construction and operation of the facilities?
You have stated that for the purposes of this opinion I should assume that the detention facilities will be constructed with private funds, will be operated by private employees, and will be constructed and operated in compliance with applicable statutes, ordinances, regulations and caselaw.
In my opinion, the answer to your first question is "yes." It is, however, my opinion that for a private corporation to construct and operate a detention center, adult or juvenile, the corporation generally must contract with a government entity and observe the requirements of A.C.A. § 12-50-101 et seq.
Question One: May a private corporation construct and operate anadult or juvenile detention center for the benefit of municipaland county governments?
I previously stated in Opinion No. 91-147 (a copy of which is enclosed), that A.C.A. § 12-50-101 et seq. allow for private construction and operation of prison facilities if the private corporation contracts with a governmental entity. See also Op. Att'y Gen. No. 88-221 (copy enclosed); Gravett v. Villines,314 Ark. 320, 862 S.W.2d 260 (1993) ("Ark. Code Ann. 12-50-101 et.seq. (Supp. 1991) specifically provide that counties can establish private prison facilities."). It is my opinion that these provisions encompass the construction and operation of either adult or juvenile detention centers. It remains my opinion that for a private corporation to construct and operate detention facilities in the state of Arkansas, the corporation must contract with a governmental entity. When a private corporation so contracts, it is generally possible for it to construct, with private funds, and operate, with private employees, adult or juvenile detention centers for the benefit of municipal and county governments.
Question Two: What state statutes and regulations would controlthe construction and operation of the facilities?
It should be noted that the statutes, regulations, codes, and ordinances that may be applicable to the construction and operation of any facility, including a detention center, are too numerous to list and are dependent on a case-by-case analysis of facts. The question you have posed as to all the statutes and regulations that would control the construction and operation of a detention center is more in the nature of a request for legal advice than it is a request for an official legal opinion. I am statutorily prohibited from the private practice of law, and thus cannot provide the detailed legal advice for which private counsel should be employed before making such business decisions. I will, however, provide you with some general state law relevant to your question.
It is my opinion that private corporations that construct and operate adult or juvenile detention centers for the benefit of municipal and county governments generally must comply with the requirements of A.C.A. § 12-50-101 et seq. (Repl. 1995). Arkansas Code Annotated § 12-50-104 states that A.C.A. § 12-50-101 et seq. shall be liberally construed to accomplish the intent and purposes of the chapter and "shall be the sole authority required for the accomplishment of those purposes." See also Op. Att'y Gen.92-245. This provision further provides:
 To this end, it shall not be necessary to comply with general provisions of other laws dealing with public commodities and public facilities, their acquisition, construction, leasing, encumbering, or disposition, if the board and the regional corrections commission shall comply with § 12-50-106.
A.C.A. § 12-50-104 (emphasis added). Thus, it is my opinion that as long as a private corporation complies with A.C.A. § 12-50-101et seq., then it need not comply with the general provisions of other laws dealing with public commodities and public facilities.
Although A.C.A. § 12-50-104 provides that A.C.A. § 12-50-101 etseq. shall be the sole authority, other provisions in A.C.A. §12-50-101 et seq. provide that private corporations must comply with additional laws when operating detention facilities. For example, pursuant to A.C.A. § 12-50-107(a), private corporations and employees thereof shall be licensed pursuant to A.C.A. §17-40-101 et seq., which requires particular qualifications and training of all security employees of a prison contractor. Also, if correctional services are provided by a prison contractor and an offense is committed by an inmate, or in regard to an inmate, then A.C.A. § 5-54-101 et seq. and A.C.A. § 12-29-109 shall apply. A.C.A. § 12-50-107(3)(b).
It also appears that reference must be made to additional laws regarding the operation of juvenile detention centers. It is my opinion that A.C.A. § 12-50-101 et. seq. comprise general laws concerning cooperative endeavors and management of prison facilities, but these laws do not govern over specific juvenile detention laws. See Board of Trustees v. Stodola, 328 Ark. 194,942 S.W.2d 255 (1997) (a general statute must yield when there is a specific statute involving the particular subject matter). For example, juveniles shall not be confined in a facility used for the detention of adults, except under certain circumstances provided in A.C.A. § 9-27-336 (as amended by Act 1118 of 1997).See also A.C.A. § 9-27-303(15) (as amended by Act 1227 of 1997). Also, designated provisions under A.C.A. § 9-27-301 et seq. apply to "any facility for the temporary care of juveniles alleged to be delinquent, or adjudicated delinquent and awaiting disposition, who require secure custody in a physically restricting facility." A.C.A. § 9-27-303(22) (as amended by Act 1227 of 1997). I specifically note that a juvenile detention facility "shall afford opportunities for education, recreation, and other rehabilitative services to adjudicated delinquents." A.C.A. § 9-27-330(a)(11)(B) (as amended by Act 1118 of 1997). Thus, it is my opinion that private corporations constructing and operating juvenile detention centers must observe the laws applicable to detention facilities in A.C.A. § 12-50-101 et seq. as well as specific juvenile detention laws such as A.C.A. § 9-27-301 et seq.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR:LS/cyh