The Honorable Joe Hudson State Representative P.O. Box 470 Mountain Home, Arkansas 72653-0470
Dear Representative Hudson:
This official Attorney General opinion is rendered in response to certain questions you have presented concerning the issue of county clerks and their deputies serving as election officers during early voting.
You have asked:
 (1) Do the elected county clerk and his or her deputies serve as "election officers" for the purposes of Article 3, § 10 of the Arkansas Constitution when they operate the early voting process authorized under A.C.A. § 7-5-413 and -418 (as amended by Acts 686 and 948 of 1995)?
 (2) If A.C.A. § 7-5-413 and -418 do not violate any statutory or constitutional prohibitions, does a conflict of interest exist where an official who is involved in conducting the election becomes a candidate in the election to such an extent to constitute a violation of the common law doctrine of the incompatibility of offices?
 (3) If Acts 686 and 948 of 1995 are in violation of the constitutional prohibition, can the Arkansas General Assembly cure the situation by amending the law to designate the deputy county clerks as specifically exempt "subordinate . . . local officers, below the grade of county . . . officers" within the meaning of the exemption in Article 3, § 29?
RESPONSE
Question 1 — Do the elected county clerk and his or her deputies serve as"election officers" for the purposes of Article 3, § 10 of the ArkansasConstitution when they operate the early voting process authorized underA.C.A. § 7-5-413 and -418?
It must be noted initially that the Arkansas Supreme Court has never addressed the question of whether county clerks and their deputies constitute "election officers" within the meaning of Article 3, § 10 of the Arkansas Constitution. Only the court can definitively determine this matter.
Pending such a judicial determination, it is my opinion that the elected county clerk and his or her deputies do not constitute "election officers" for the purposes of Article 3, § 10 of the Arkansas Constitution when they operate the early voting process authorized under A.C.A. § 7-5-413 and -418.
Article 3, § 10 of the Arkansas Constitution states:
10. Election officers.
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen, notaries public and persons in the militia service of the State. Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve — save only to such subordinate municipal or local officers, below the grade of city or county officers, as shall be designated by general law.
ARK. CONST., art. 3, § 10.
The above-quoted constitutional provision does not define the term "election officer" as used therein, and (as noted previously) the Arkansas Supreme Court has never explicitly interpreted the term. Nevertheless, the court has held that when a term used in the constitution is not defined, it should be given its commonly-accepted meaning. Gravett v. Villines, 314 Ark. 320, 862 S.W.2d 260 (1993). The commonly-accepted meaning of the term "election officer" is an individual who, under the authority of law, is officially and directly involved in conducting elections at the polls on election day. The term is used in this context (i.e., in reference to individuals who have been officially designated by the county board of election commissioners to work at the polls on election day)[1] throughout the election laws. See A.C.A. §7-5-301 through -319. Indeed, this meaning of the term has been officially adopted by the General Assembly. In Act 445 of 1997, the General Assembly amended A.C.A. § 7-1-101 (the definitions section that governs the election statutes) so as to include the following definition for the term "election officer":
 Election official or Election officer means a person who is a member of the county board of election commissioners or a person who is a poll worker having been designated by a county board of election commissioners to be an election clerk, election judge, or election sheriff;
Acts 1997, No. 445, § 1.
The county clerk and his or her deputies (presumably) are not members of the county board of election commissioners, nor (presumably)[2] are they designated as poll workers by the county board of election commissioners. The legislative definition therefore does not appear to apply to the county clerk or to his or her deputies. The Arkansas Supreme Court has held that although legislative interpretations of constitutional provisions are not controlling, they are persuasive and are entitled to consideration. Mears v. Hall, 263 Ark. 827, 569 S.W.2d 91
(1978).
Because the county clerk and his or her deputies do not fall within the legislative definition of the term "election officer," and because the legislative definition reflects the commonly-accepted meaning of the term "election officer," (and because the commonly-accepted meaning of the term applies to undefined terms used in the constitution), I conclude that the county clerk and his or her deputies do not constitute "election officers" within the meaning of Article 3, § 10 of the Arkansas Constitution, even when they are involved in conducting the early voting process pursuant to A.C.A. § 7-5-413 and -418. Accordingly, their involvement in conducting early voting does not violate the constitution. Their duties under A.C.A. § 7-5-413 and -418 are, in a sense, incidental to their regular duties. At least one court has held that this incidental nature of the duties of election moderators militates against a finding that they are prohibited from participating in the conduct of an election. See Wheeler v. Carter, 62 N.E. 471,180 Mass. 882 (1902).
However, it should be noted that to the extent that county clerks and their deputies are involved in the conducting of elections, they are, of course, subject to the general laws of the state with regard to election law violations. See A.C.A. § 7-1-101 et seq.
Question 2 — If A.C.A. § 7-5-413 and -418 do not violate any statutory orconstitutional prohibitions, does a conflict of interest exist where anofficial who is involved in conducting the election becomes a candidatein the election to such an extent to constitute a violation of the commonlaw doctrine of the incompatibility of offices?
It is my opinion that the common law doctrine of incompatibility does not operate to prohibit county clerks from conducting early voting pursuant to A.C.A. § 7-5-413 and -418 in elections in which they are candidates.
The common law doctrine of incompatibility operates to prohibit the holding of two offices that are incompatible. See Op. Att'y Gen. No.97-002. It does not apply to situations that do not involve the holding of two offices. A situation involving participation in the conduct of an election while also being a candidate in that election is not a situation involving the simultaneous holding of two offices.
Moreover, as noted previously, the clerk's duties in conducting early voting pursuant to A.C.A. § 7-5-413 and -418 are incidental in nature and therefore are not of the type that would allow the clerk to exercise control over the outcome of the election.
I therefore conclude that county clerks and their deputies may conduct early voting pursuant to A.C.A. § 7-5-413 and -418 in elections in which they are candidates, without creating an impermissible conflict of interest.
Question 3 — If Acts 686 and 948 of 1995 are in violation of theconstitutional prohibition, can the Arkansas General Assembly cure thesituation by amending the law to designate the deputy county clerks asspecifically exempt "subordinate . . . local officers, below the grade ofcounty . . . officers" within the meaning of the exemption in Article 3,§ 29?
Because I have opined that A.C.A. § 7-5-413 and -418, as amended by Acts 686 and 948 of 1995 are not literally in violation of Article 3, § 10 of the Arkansas Constitution, it is my opinion that, technically, there is no need for the General Assembly to create an exemption for county clerks from that section's prohibitions.
However, I will note that if a court should determine that county clerks and their deputies are subject to Article 3, § 10, it is my opinion that the General Assembly can exempt deputy county clerks from the prohibition of Article 3, § 10 by enacting a general law that designates them as "subordinate . . . local officers, below the grade of county . . . officers" within the meaning of the exemption in Article 3, § 10.
It is clear from the phrase "as shall be designated by general law" in Article 3, § 10 that the drafters of the constitution intended that the General Assembly be authorized to undertake the task of determining which officers should fall within the exemption. This language is unambiguous and should therefore be interpreted just as it reads. Foster v. JeffersonCounty Quorum Court, 321 Ark. 105, 901 S.W.2d 809 (1995).
Therefore, the General Assembly can designate the county clerk's deputies as "subordinate . . . local officers, below the grade of county . . . officers" within the meaning of the exemption in Article 3, § 10.
Of course, the General Assembly cannot designate the county clerk as falling within the exemption, because the county clerk is indisputably a "county officer." See A.C.A. § 14-14-1301(a)(3). Accordingly, if it should be judicially determined that the county clerk is subject to Article 3, § 10, the clerk should recuse from participation in the conducting of elections, including the conducting of early voting pursuant to A.C.A. § 7-5-413 and -418. See Op. Att'y Gen. No. 95-350.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that the members of county political parties have been designated as "election officials." See A.C.A. § 7-3-104(c), as amended by Act 445 of 1997. I have previously stated that this designation does not have the effect of placing county political party members in the same position as poll workers. For a discussion of this issue, see Op. Att'y Gen. No. 97-304.
[2] If the county clerk and his or her deputies were members of the county board of election commissioners, or if they were designated by the county board of election commissioners to work at the polls on election day, they would constitute "election officers" within the meaning of Acts 1997, No. 445, § 1 (A.C.A. § 7-1-101).