The Honorable Tom Gean Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse Fort Smith, Arkansas 72901
Dear Mr. Gean:
This is in response to your request for an opinion concerning a transfer of duties between the County Clerk and the Circuit Clerk. Specifically, you have asked whether the duties of the probate clerk may be transferred from the County Clerk to the Circuit Clerk and whether the duties of recording deeds and other documents dealing with real estate may be transferred from the Circuit Clerk to the County Clerk. I assume that your question generally refers to the authority of the Quorum Court to make such a transfer. In my opinion, such a transfer of duties may only be accomplished by a majority vote at a general election and then only at the conclusion of the terms of office of the County Clerk and Circuit Clerk. See Ark. Const. amend. 55, § 2(b).[1]
The circuit clerk and the county clerk are "elective county offices."See A.C.A. § 14-14-603 (1987) and A.C.A. § 14-14-1301(a) (1987). Arkansas Constitution Amendment 55, § 2(b) provides:
 The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action.[2]
In a comparable case, the Arkansas Supreme Court relied on Amendment 55, § 2(b), to hold that the removal of the running of the county jail from the office of sheriff could only be accomplished by a majority vote at a general election and then only at the conclusion of the term of office.Gravett v. Villines, 314 Ark. 320, 862 S.W.2d 260 (1993). The court concluded that the word "revise" generally means "[t]o look or read carefully over, with a view to improving or correcting." Id. The court further stated that "separate" means to put apart, set asunder; to disunite, disconnect, make a division between. Id. Ultimately, the court concluded that removal of the function of running the county jail constituted a revision and separation of the office of sheriff under Amendment 55, § 2(b). Similarly, it is my opinion that the extensive transfer of duties contemplated in your letter constitutes a revision of the offices of county clerk and circuit clerk.
In reaching its decision in Gravett, the court also considered A.C.A. §14-14-702 (1987), which provides in part:
 The county quorum court of each county may prescribe, by ordinance, the department, board structure, and organization of their respective county governments and may prescribe the functions of all offices, departments, and boards. However, no ordinance shall be enacted by a quorum court which:
* * *
 (2) Alters the organization of elected county officials established by the Arkansas Constitution, except through the provisions of Arkansas Constitution, Amendment 55, Section 2, Part (b). However, any function or duty assigned by statute may be reassigned by ordinance[.]
The court recognized that A.C.A. § 14-14-702 appeared to give the Quorum Court the authority to enact ordinances such as the one transferring the function of running the county jail from the sheriff to a civilian administrator. The court, however, stated that it is a well established legal principle that constitutional provisions, including amendments, take precedence over any law passed by the legislature. Again, the court ultimately concluded that removal of the function of running the county jail constituted a revision and separation of the office of sheriff under Amendment 55, § 2(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It should be noted that this office has previously opined that Amendment 55, § 2(b) does not present an obstacle to the General Assembly's power to alter county offices. See Op. Att'y Gen. 91-066.
[2] Arkansas Constitution Article 7, § 19, provides that the circuit clerk shall be ex-officio recorder, and Ark. Const. Amend. 41 provides that the county clerk may be ex-officio clerk of the probate court until otherwise provided by the General Assembly. To the extent, if any, that these provisions conflict with Amendment 55, Amendment 55 will prevail over the earlier constitutional provisions. Ward School Bus Mfg. v.Fowler, 261 Ark. 100, 547 S.W.2d 394 (1977).