The Honorable Danny Ferguson State Representative 212 McCollum Drive Forrest City, AR 72335-2521
Dear Representative Ferguson:
This is in response to your request for an opinion regarding the legality of establishing a County Personnel Director position in St. Francis County to handle certain duties and responsibilities that are currently handled by the County Clerk. According to correspondence attached to your request, this would be created as a separate position under the authority of the County Judge and Quorum Court, and located in a separate office in the courthouse. You have attached a listing of the Personnel Director's responsibilities, all of which appear to relate to the maintenance or processing of employee-related records and information, e.g., personnel files, time cards and leave records, payroll records and withholding, and information relating to employee insurance and retirement, tax withholding, and unemployment claims and workers' compensation claims.
RESPONSE
It is my opinion as a general matter that the position of County Personnel Director may be lawfully established, with the attendant duties and responsibilities as outlined in your correspondence. Local counsel should, however, be consulted with regard to the particular procedures or method to apply in establishing such a position.
According to my research, there is currently no state law addressing these areas of responsibility relating to county personnel. State law does, on the other hand, vest county government with extensive discretion and authority with respect to its organization and the conduct of its local affairs. See, e.g., A.C.A. §§ 14-14-702—704 (regarding office organization and establishment of departments); A.C.A. § 14-14-801 and Ark. Const. amend. 55, § 1(a) (providing for county government's exercise of local legislative authority not expressly denied by the Constitution or by law relating to county affairs). The county is, moreover, through its quorum court, specifically authorized by statute to exercise "any legislative authority with regard to employee policy and practices of a general nature. . . ." A.C.A. § 14-14-805(2).
It seems clear, in my opinion, that the matter of administering county personnel generally falls within the category of "county affairs." County government may therefore exercise power in this regard as long as there is no inconsistency with state law. See Ark. Const. amend. 55, § 1(a). It should be recognized, for instance, that the county judge has exclusive authority to employ all county personnel. See A.C.A. § 14-14-704(3). In addressing your particular question involving a transfer of duties from the County Clerk, consideration must also be given to the state law limitation on a county's ability to reorganize an elective county office. See A.C.A. § 14-14-702(2) (preventing a county quorum court from "alter[ing] the organization of elected county officials established by the Arkansas Constitution except through the provisions of Arkansas Constitution, Amendment 55, § 2, Part (b)." Specifically, the quorum court cannot "revise" or "separate" a county elective office without a vote at a general election. Ark. Const. amend. 55, § 2(b). And as revealed by a recent Arkansas Supreme Court ruling, this limitation must be considered whenever the duties or functions of a county elective office are reassigned by county ordinance. See, e.g., Gravett v.Villines, 314 Ark. 320, 862 S.W.2d 260 (1993).
It might therefore be contended, based upon these principles involving county office reorganization, that the transfer of these functions involving county personnel administration from the office of County Clerk constitutes a "revision" or "separation" of that office under Ark. Const. amend. 55, § 2(b), and as such the transfer can only be accomplished by a majority vote at a general election and then only at the conclusion of office. See generally Ark. Const. amend. 55, § 2(b) andGravett, supra.[1]
While at first blush this contention appears to have merit, in my opinion it fails to withstand further scrutiny in this particular instance. As noted above, state law does not address these specific duties related to county personnel, nor does it assign general responsibility in these areas to any particular office. You have stated that the County Clerk currently handles these duties. I assume, however, that this is the case either as a matter of common practice or pursuant to local ordinance, as there is no state law assigning these functions or duties to the County Clerk.[2] These functions are thus not part of the Office of County Clerk as organized under state law. Accordingly, it must be concluded that their reassignment is generally within the county's discretion, and that there will be no resultant "revision" or "separation" of the County Clerk's Office under state law. Any transfer or removal of functions from a county elective office of course requires close scrutiny under Ark. Const. amend. 55. I have found no authority, however, for the proposition that Amendment 55 requires an election under these particular circumstances.
It is therefore my opinion that the reassignment of these duties to a County Personnel Director would not be contrary to the general law of the state. With regard to the exact procedure to be employed in establishing this position, I suggest that local counsel be consulted. This position could possibly be established either as a division of the County Judge's office (see A.C.A. § 14-14-703(a)(1)) or as a county department (A.C.A. § 14-14-704). I believe it is unlikely, however, as suggested in the correspondence attached to your request, that the position of County Personnel Director would be established under the authority of both the County Judge and the Quorum Court. Having been provided no further information concerning the actual creation of this position, however, I cannot speculate further in this regard.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] As noted by the Court in Gravett v. Villines, supra, state law purports to allow a quorum court to reassign statutorily imposed duties so long as the reassignment does not "alter the obligation of the county to continue providing the services." 314 Ark. at 326, citing A.C.A. §14-14-608. If, however, the office is in effect revised or separated as a result of the reassignment, then an election will be required because Amendment 55 takes precedence over any state statute. Id.
[2] In addition to those specific duties assigned by statute (see,e.g., A.C.A. §§ 14-14-902(a)(3)(A) and (B) and 16-20-402), the county clerk performs "all other duties as may be required by the quorum court through county ordinance." A.C.A. § 14-14-902(a)(3)(C).