The Honorable Joyce Dees State Representative 401 S. Main Warren, AR 71671-3323
Dear Representative Dees:
I am writing in response to your request for my opinion on the following questions:
 1. Does Arkansas law require that the elected sheriff have the responsibility of being the administrator of the jail or is it the county's responsibility to furnish the jail?
 2. Can the jail be set up as a separate department, not under the authority of the sheriff, and hire an administrator to operate the jail who would be a county employee and answer to the county judge?
RESPONSE
In response to your first question, A.C.A. § 12-41-502 charges the sheriff with administrative responsibility over the jail. However, pursuant to Ark. Const. amend. 55, § 2, subject to voter approval, the quorum court might transfer that responsibility elsewhere at the end of a sheriff's term. Moreover, insofar as it exclusively wields the power of appropriation, the county could well be described as having "responsibility to furnish the jail," notwithstanding the fact that the sheriff normally has administrative responsibility over its operations. I believe the answer to your second question is "yes," subject to the condition that the county observe the procedural requirements dictated in Amendment 55.
Question 1: Does Arkansas law require that the elected sheriff have theresponsibility of being the administrator of the jail or is it thecounty's responsibility to furnish the jail?
In Gravett v. Villines, 314 Ark. 320, 862 S.W.2d 260 (1993), the Arkansas Supreme Court ruled that the sheriff has administrative responsibility over the county jail unless the majority of voters at a general election approve a quorum court's decision to assign this responsibility elsewhere. In support of this ruling, the court offered the following:
 [N]o county is authorized to pass an ordinance reorganizing its government in a manner contrary to the general law of the state. Clark County v. Miller, 291 Ark. 203, 723 S.W.2d 820 (1987) (decision relying on Ark. Code Ann. 14-14-608(b)(10) (1987)); see also Cox v. Commissioners of Maynard Fire Improvement Dist. No. 1, 287 Ark. 173, 697 S.W.2d 104 (1985). The general law of the state provides "[t]he sheriff of each county in this state shall have the custody, rule, and charge of the jail within his county and all prisoners committed in his county, and he may appoint a jailer for whose conduct he shall be responsible." Ark. Code Ann. 12-41-502 (1987). Additionally, under Ark. Code Ann. 14-14-703(2)(E) (1987) the office of sheriff is required to be maintained.
However, section 14-14-608 provides in pertinent part:
 A county government serving as a political subdivision of the state for the more convenient administration of justice is compelled by law to provide certain services relating to judicial administration, law enforcement, and other matters. No county ordinance adopted by the electors for the establishment of alternative county organizations shall serve to repeal or diminish any general law of the state directing or requiring a county government or any officer or employee of a county government to carry out any function or provide any service. However, nothing in this section shall be construed to limit or prevent counties from adopting alternative county organizations nor the reassignment of statutorily delegated functions or services where such alternative organization or reassignment shall not alter the obligation of the county to continue providing the services or functions which are or may be established by state law.
 (emphasis added). Additionally, Ark. Code Ann. 12-50-101 et. seq. (Supp. 1991) specifically provide that counties can establish private prison facilities.
 Thus, while the general law of the state requires the office of sheriff to be maintained and includes as a duty of the office of sheriff the running of the county jail, section 14-14-608 allows a county to reassign statutorily imposed duties so long as the reassignment does not "alter the obligation of the county to continue providing the services.". . .
 It is a well established legal principle that constitutional provisions, including amendments, take precedence over any law passed by the legislature. In this instance, Ark. Const. amend. 55, 2(b) provides the Quorum Court can "create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof" but it requires a "majority of those voting on the question at a general election" to approve the action. Ark. Const. amend. 55, 2(b). The terms create, consolidate, separate, revise and abandon are not defined in the constitution. Where terms in the constitution are not specifically defined, we give them their commonly accepted meaning. Brown v. City of Stuttgart, 312 Ark. 97, 847 S.W.2d 710
(1993). The word revise generally means "[t]o look or read carefully over, with a view to improving or correcting." Oxford English Dictionary 610 (1971). Separate means "to put apart, set asunder (two or more persons or things, or on from another); to disunite, disconnect, make a division between." (Emphasis in the original.) Oxford English Dictionary 474 (1971).
 . . . [T]he function of running the county jail constitutes a substantial responsibility of the office of sheriff. Notwithstanding the provisions of sections 14-14-702 and 12-50-101 et. seq., which appear to give the Quorum Court authority to enact ordinances such as the one at issue [purporting to reassign administrative responsibility for the jail to the county judge], removal of this function constitutes a revision and separation of the office of sheriff under Ark. Const. amend. 55, 2(b). As such, the removal of the running of the county jail from the office of sheriff can only be accomplished by a majority vote at a general election and then only at the conclusion of the term of office. Ark. Const. amend. 55, 2(b).
314 Ark. at 325-27.
As my immediate predecessor observed in the attached Ark. Op. Att'y Gen. No. 98-258, Gravett "stands for the proposition that control and authority of the county jail cannot be transferred away from the sheriff without a vote of the people under Amendment 55." In accordance with this principle, my predecessor concluded that a quorum court could not by interlocal agreement transfer to a police chief the sheriff's responsibility to administer the jail.
Applying the foregoing to your specific question, I believe that absent a voter-approved quorum-court transfer of authority, the sheriff has administrative responsibility for the county jail. However, insofar as it retains the power to appropriate operational funds, the quorum court might be described as having "responsibility to furnish the jail."
Question 2: Can the jail be set up as a separate department, notunder the authority of the sheriff, and hire an administrator tooperate the jail who would be a county employee and answer to thecounty judge?
The situation you describe is precisely the one addressed by the court inGravett, in which the court declared unconstitutional an ordinance purporting to transfer responsibility for the operation and maintenance of the Pulaski County Jail from the sheriff to a civilian administrator subject to the authority of the county judge. 314 Ark. at 326-27. As reflected in my response to your previous question, the court did not rule that this transfer was necessarily impermissible; rather, it held that under Ark. Const. amend. 55, any such transfer could only be made at the end of an elected sheriff's term, and only then with the approval of the voters at a general election. Id. Subject, then, to these constitutional conditions, I believe the answer to your question is "yes."
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure