The Honorable Randy Rankin State Representative 944 Grand Lake Loop Eudora, AR 71640
Dear Representative Rankin:
I am writing in response to your request for my opinion on the following matter:
 Can a full time employee of the county clerk's office serve as a paid election coordinator for the county election commission if the work is performed after normal business hours?
RESPONSE
I cannot definitively opine on whether it is permissible for an employee of the county clerk to simultaneously serve as a paid election coordinator. Absent knowledge of the duties and responsibilities of an "election coordinator" or a statutory definition or description of such position and the nature of the employment at the county clerk's office, I cannot state whether the proposed employment would run afoul of constitutional, statutory, or common law prohibitions.
Your question, in essence, is whether there is a conflict of interest between the positions of county clerk employee and "election coordinator." A conflict of interest in this situation may exist from one of three sources: a constitutional prohibition, a statutory prohibition, or a common law prohibition under the doctrine of incompatibility.
A constitutional conflict of interest in this case would be analyzed under Article 3, § 10 of the Arkansas Constitution. Article 3, § 10 states:
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment, or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and alderman, notaries public and persons in the militia service of the State. Nor shall any election officer be eligible to any civil office to be filled at any election at which he shall serve — save only to such subordinate municipal or local officers, below the grade of city or county officers, as shall be designated by general law.
The Constitution itself does not define the term election officer and the Arkansas Supreme Court has never had the occasion to judicially interpret it. Only the courts may give a definitive determination of the meaning of "election officer" in the Arkansas Constitution. The Arkansas Supreme Court has, however, stated that language in the constitution is to be given its plain and ordinary meaning. Gravett v. Villines, 314 Ark. 320,862 S.W.2d 260 (1993). One of my predecessors interpreted the term as meaning "an individual, who, under the authority of law, is officially and directly involved in conducting elections at the polls on election day." See Op. Att'y Gen. 97-371. Although the General Assembly has not adopted a specific definition of the term "election officer" for the purposes of Article 3, § 10, it has set out a broadly applicable definition in the Arkansas Code as "a person who is a member of the county board of election commissioners or a person who is a poll worker, having been designated by a county board of election commissioners to be an election clerk, election judge, or election sheriff." A.C.A. §7-1-101(9) (Supp. 2003). While not determinative, the Arkansas Supreme Court has stated that a legislative interpretation of a constitutional provision is persuasive and entitled to consideration. Mears v. Hall,263 Ark. 827, 569 S.W.2d 91 (1978); see also Op. Att'y Gen. 97-371.
An employee of the county clerk clearly holds an employment in a county. That portion of the Art. 3, § 10 prohibition is therefore met. The remaining question is whether an "election coordinator" is an "election officer" under the meaning of Art. 3, § 10. One of my predecessors opined that an "election coordinator" is a county employee and not an employee of the county board of election commissioners under A.C.A. § 7-4-107 for the purposes of salary determinations and hiring authority because there is no statutory authorization for the county board of election commissioners to maintain a staff. See Ops. Att'y Gen. 96-268 (hiring authority) and 95-216 (salary levels). Rather, such employees were described as county employees and subject to the powers of the county judge and quorum court as with any other general county employee. Id.
This conclusion, however, is not determinative of the issue at hand. To determine whether an "election coordinator" is an "election officer" under a plain reading of the term in the Arkansas Constitution may require factual information about the duties and responsibilities of an "election coordinator." This position is not defined or described in the Arkansas Code. I therefore cannot determine whether any constitutional prohibition exists.
As for any potential statutory prohibitions, the County Government Code provides a standard of ethics that encompasses conflicts of interest. The pertinent section for your question is A.C.A. § 14-14-1202 (Repl. 1998), entitled, "Ethics for county government officers and employees." It provides in subsection (a) that:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust . . . The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
Id. A determination of whether a conflict of interest exists under A.C.A. § 14-14-1202 requires a factual analysis based on the offices or employment involved. See, e.g. Op. Att'y Gen. 93-050. Each situation under this statute must be analyzed in light of the positions involved and benefits conferred.[1] Id. I am neither able nor equipped to undertake such a determination.
I have found no other statutory provision that might prohibit the described conduct.
Next, we must look to the common law doctrine of incompatibility. I have discussed the common law doctrine of incompatibility stating:
 Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." See Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998). The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
Op. Att'y Gen. 2004-106. I do not opine on whether the positions at issue in this situation are "offices" under Arkansas law. As I have noted above, I do not have any information regarding the exact duties and responsibilities of an "election coordinator." It is not defined in the Arkansas Code nor is it interpreted in Arkansas jurisprudence. I also do not know the extent of this individual's responsibilities as an employee of the county clerk. Absent such factual information, I cannot opine on whether there is an impermissible degree of oversight and/or control between an "election coordinator" and a county clerk employee. Consultation with your county's legal counsel would be recommended as he or she may have the appropriate facts to advise you on this matter.
Absent some specification of the powers and duties of an "election coordinator" and the exact nature of this person's employment with the county clerk, I cannot definitively opine as to whether a conflict of interest exists under the constitution of the Arkansas, the Arkansas Code Annotated, or the common law doctrine of incompatibility.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] This analysis also applies to the related statute, A.C.A. §21-8-304 (Repl. 1996), regarding prohibited activities of public officers and employees.