Danny H. Maxey, Chairman Pike County Election Commission Post Office Box 343 Glenwood, AR 71943
Dear Mr. Maxey:
I am writing in response to your request for an opinion on the following:
 I serve as chairman of the Pike County Election Commission, and it is in that capacity that I am requesting an opinion from your office. I have two questions regarding election law that I need addressed at your earliest convenience.
 First, is it legal for a public school teacher to serve as a county election commission? After serving on the election commission for a number of years I have taken a job with the Centerpoint School District. I need to know if I can continue as an election commission. I looked at Opinion No. 2005-232 which seems to distinguish public school teachers from state employees.
 Second, with the increasing workload generated by the new equipment required to conduct elections, we see the need to establish a position of "county election coordinator" to assist in the details of preparing the elections. I realize that the legislature took no action on this matter in the recently concluded session. I know other counties have such positions. Is such a position permissible under Arkansas law? Can the county election commission establish the position? If not, can some other county officer establish the position? Can the county election commission request that the quorum court allocate funds for the salary of the position? Can an employee of the *Page 2 
county clerk's office accept the job? The major duties of the position would be ordering the supplies required for the conduct of elections, arranging transport of the equipment to and from polling sites, ensuring that the voting machines are in working order, and assisting the election commissioners as needed.
RESPONSE
With respect to your first question, in my opinion there is no prohibition on a county election commissioner simultaneously being employed as a public school teacher. With respect to the series of questions regarding an "election coordinator," in my opinion: 1) such a position is permissible under Arkansas law; 2) the County Election Commission cannot establish the position; 3) it may be established by and is subject to the normal oversight of the Quorum Court and County Judge as a county employee; 4) because the Quorum Court establishes the number and compensation of county employees, it would be appropriate to address a request to establish such a position to the Quorum Court; and 5) an employee of the county clerk's office may be able to accept the job although a definitive answer may depend upon the surrounding facts.
A. Public School Teacher Serving as an Election Commissioner
With respect to your question about whether an election commissioner may simultaneously be employed as a public school teacher, in my opinion, such dual service is not prohibited under Arkansas law.
A conflict of interest in this situation may exist from one of three sources: a constitutional prohibition, a statutory prohibition, or a common law prohibition under the doctrine of incompatibility. A constitutional conflict of interest in this case would be analyzed under Article 3, § 10 of the Arkansas Constitution. Article 3, § 10 states:
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment, or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and alderman, notaries public and persons in the militia service of *Page 3 
the State. Nor shall any election officer be eligible to any civil office to be filled at any election at which he shall serve — save only to such subordinate municipal or local officers, below the grade of city or county officers, as shall be designated by general law.
The Constitution itself does not define the term election officer and the Arkansas Supreme Court has never had the occasion to judicially interpret it. Only the courts may give a definitive determination of the meaning of "election officer" in the Arkansas Constitution. The Arkansas Supreme Court has, however, stated that language in the constitution is to be given its plain and ordinary meaning. Gravett v. Villines,314 Ark. 320, 862 S.W.2d 260 (1993). One of my predecessors interpreted the term as meaning "an individual, who, under the authority of law, is officially and directly involved in conducting elections at the polls on election day." See Op. Att'y Gen. 97-371. Although the General Assembly has not adopted a specific definition of the term "election officer" for the purposes of Article 3, § 10, it has set out a broadly applicable definition in the Arkansas Code as "a person who is a member of thecounty board of election commissioners or a person who is a poll worker, having been designated by a county board of election commissioners to be an election clerk, election judge, or election sheriff." A.C.A. §7-1-101(9) (Supp. 2007) (emphasis added). While not determinative, the Arkansas Supreme Court has stated that a legislative interpretation of a constitutional provision is persuasive and entitled to consideration.Mears v. Hall, 263 Ark. 827, 569 S.W.2d 91 (1978); see also Op. Att'y Gen. 97-371. This provision, in my opinion, therefore applies to a person who serves on a county board of election commissioners.Accord Op. Att'y Gen. 2005-232. Under this prohibition, any person who holds any employment "in or under the government of the United States . . . this State, or in any city or county," with certain exceptions, is not qualified to serve as an election officer.
For the purposes of this prohibition, it is clear that a public school teacher is neither a county nor a municipal employee. The Arkansas Supreme Court has recognized school districts as separate political subdivisions for over a century. See Granger and Wife v. PulaskiCounty, 26 Ark. 37 (1870) ("Counties are a political division of the State government, organized as part and parcel of its machinery, like townships, school districts, and kindred subdivisions"). Whether a public school teacher is a State employee for the purposes of Article 3, § 10 has not been addressed by the Arkansas courts. The Arkansas Supreme Court has stated that a public school teacher is not an employee of the State of Arkansas for *Page 4 
the purposes of the Worker's Compensation law. Muse v. Prescott SchoolDist., 233 Ark. 789, 349 S.W.2d 329 (1961); see also Corbin v. Spec.School Dist. of Fort Smith, 250 Ark. 357, 465 S.W.2d 342 (1971) (citingMuse, supra, for the proposition that a local school district is a political subdivision of the state and not a state agency). In my opinion, a court would likely conclude that a public school teacher, while a public employee, is not a "state employee" for the purposes of Article 3, § 10. Therefore, Article 3, § 10 would not prohibit a public school teacher from serving as a county election commissioner.
With respect to statutory prohibitions, A.C.A. § 14-14-1202 (Supp. 2007) prohibits a county officer or employee from using his or her position, and the influence and information of that position, to secure a "personal economic interest." From the information provided, it does not appear that this prohibition would be applicable in this situation. Furthermore, while a county election commissioner is prohibited from being a candidate for an office in an election that he or she oversees, A.C.A. § 7-4-109 (Supp. 2007), the position of public school teacher is not an elected office. Finally, A.C.A. § 6-17-115 (Repl. 1999) provides in pertinent part:
 Each public school district shall adopt a policy concerning the right of employees of the district to seek and hold an elective or an appointive office. The policy shall state the consequences, if any, for seeking or holding an elective or appointive office.
Id. at (b). I have not been provided with a copy of the relevant school district policy. You note in your request for an opinion that you have already accepted a position as a public school teacher. While this may imply that there is no prohibition to the dual service, reference to the specific policy adopted by the district is recommended.
It is unclear whether the doctrine of incompatibility would be applied to this situation. Clearly the doctrine applies to "offices" held, but it is unclear whether it also applies to mere "employments." SeeThompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998) (applying the doctrine of incompatibility to an individual simultaneously serving as a Mayor and a bookkeeper); see also Op. Att'y Gen. 2006-066 (noting the application of the doctrine of incompatibility in Thompson,supra, to simultaneous service on an office and an employment). Regardless, in *Page 5 
my opinion, if the common law doctrine of incompatibility applies, it would not bar a public school teacher from serving as an election commissioner.
The common law doctrine of incompatibility has been described as follows:
 As described by the Court, the "inconsistency, which at common law makes offices incompatible" exists in situations when "one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 1024, 103 S.W.2d 458 (1937). Accord Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998). The Court in Thompson further expounded upon the incompatibility doctrine by stating:
 One commentator has explained, "Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both." Eugene McQuillin, 3 The Law of Municipal Corporations § 12.67 (3d ed. 1990).
 333 Ark. at 549.
Op. Att'y Gen. 2006-066 at 7.
In this instance there is neither any apparent oversight nor any conflict between fulfilling the two positions, save the time constraints each may impose on the holder. A county election commissioner has no authority to supervise, remove, or audit the activities of a public school teacher nor does a public school teacher have any authority over the functioning of the county board of election commissioners. *Page 6 
In my opinion, if the doctrine of incompatibility were to apply it would not prohibit an individual from being both a county election commissioner and a public school teacher.
B. Election Coordinator
With respect to your questions regarding an "election coordinator," in my opinion, while not expressly required in the Arkansas Code, the position of election coordinator is permissible under Arkansas Law. Because such a position is not specified in the Arkansas Code, if created it would be a standard county position subject to the authority of the Quorum Court and County Judge and not the Election Commission. Furthermore, the quorum court would be the appropriate governmental entity to make an appropriation for such a position. In my opinion, it is possible that an employee of the county clerk's office could fulfill this position although this issue may depend upon the applicable facts.
1. Whether the position of election coordinator is permissible underArkansas Law.
In my opinion, there is no impediment to the creation of the position of "election coordinator" even though not expressly required under Arkansas law. See, e.g., Ops. Att'y Gen. 2004-342; 96-268; and 95-216. The phrase "election coordinator" does not appear, however, in the jurisprudence of the Arkansas Courts or in the Arkansas Code. This office has addressed a number of issues relating to "election coordinators" over the past twelve years. See Id. In my opinion, the position of "election coordinator" is permissible under Arkansas law subject to the restrictions and requirements noted in the subsequent questions.
2. Whether a county election commission may establish theposition.
No. There are no provisions in Arkansas law granting a county election commission the authority to hire general staff or otherwise create positions to be filled. The Arkansas Code specifically charges the County Board of Election Commissioners with the responsibility of choosing sufficient election judges, clerks, and sheriffs. A.C.A §7-4-107 (Supp. 2007); see also Op. Att'y Gen. 95-216. The position of "election coordinator" is not one of the "election judges, clerks, or sheriffs" and is therefore not a position that the Board of Election *Page 7 
Commissioners may hire or create. See Op. Att'y Gen. 96-268. In my opinion there is no authority for the board to establish such a position.[1]
3. Whether another county official or entity could establish theposition.
In my opinion, the Quorum Court has the authority to set the number and compensation of county employees and could properly establish a county position of "election coordinator." Specifically, Section 5 of Amendment 55 to the Arkansas Constitution authorizes the Quorum Court to establish the number of county employees as well as the employees' compensation. See Venhaus v. Adams, 295 Ark. 606, 752 S.W.2d 20 (1988). As described by one of my predecessors, the position of "election coordinator" if created would be a county position subject to the requirements of Amendment 55 to the Arkansas Constitution. Op. Att'y Gen. 96-268. Additionally, Section 3 of Amendment 55 vests the authority to hire county employees with the County Judge. See Ops. Att'y Gen.96-268; and 95-216. In my opinion, the County Judge has the authority to hire an individual as an "election coordinator" employed by the county should such a position be created by the Quorum Court.
4. Whether the election commission could request that the quorum courtappropriate funds for the position.
In my opinion, "yes." The quorum court holds the legislative authority of the county and has the power to approve the county budget and appropriate county monies. Ark. Const. Amend. 55, § 5. See alsoVenhaus, supra. I do not perceive any impediment to a county board making a request to the quorum court for such an appropriation.
5. Whether an employee of the county clerk's office could be employedas such an election coordinator. *Page 8 
In my opinion, it may be possible for an employee of the county clerk's office to simultaneously fulfill the position of "election coordinator." Consultation with local counsel fully appraised of the attending factual background is recommended.
One of my predecessor's addressed the same question, regarding whether an employee of a county clerk's office could simultaneously be retained as an election coordinator for a county. Op. Att'y Gen. 2004-342. While you have provided a general description of the likely duties of an "election coordinator" in Pike County, a proper analysis may only be made based on the position of the employee of the county clerk's office and the exact duties that would be undertaken as an "election coordinator." Consultation with local counsel familiar with the specific circumstances involved is recommended. I have enclosed Op. Att'y Gen.2004-342 which sets forth the applicable legal standards to be applied in such a situation for your convenience.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I note that Senate Bill 884 of 2007 would have granted authority to the County Board of Election Commissioners to hire an election coordinator and specifically listed the position of "election coordinator" as an "election official." Id. at §§ 9 15. Senate Bill 884 did not pass but was recommended for study by the Interim Committed on State Agencies and Governmental Affairs — Senate. Interim Study Recommendation 2007-145.